# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMASINE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2742 (ABJ) |
| | ) | |
| LEVY FOOD SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for More Definite Statement [6] is GRANTED. It is further

ORDERED that the complaint and this civil action are DISMISSED WITHOUT PREJUDICE.

This is a final appealable Order.

SO ORDERED.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: January 18, 2019

Case 1:18-cv-02742-ABJ   Document 10   Filed 01/18/19   Page 2 of 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMASINE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2742 (ABJ) |
| | ) | |
| LEVY FOOD SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On December 3, 2018, defendant Levy Foodservice Limited Partnership ("Levy Foodservice") filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 6.) On December 4, 2018, the Court issued an order (ECF No. 7) advising the *pro se* plaintiff of her obligation under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to file an opposition to Levy Foodservice's motion, and of the consequences of her failure to oppose the motion. The order set a deadline of January 3, 2019 for plaintiff's response, and the Clerk of Court sent the order to plaintiff at her address of record. To date, plaintiff has neither responded nor moved for an extension of time. Because plaintiff has not filed a timely response, the Court rules on Levy Foodservice's motion without the benefit of plaintiff's position.

---

[1] For purposes of this Memorandum Opinion, the Court presumes without deciding that service of process properly has been effected on Levy Foodservice, and denies its motion to dismiss under Federal Rule of Civil Procedure 12(b)(5). In addition, the Court denies Levy Foodservice's motion for a more definite statement under Federal Rule of Civil Procedure 12(e) as moot.

A plaintiff need only provide a "short and plain statement of [her] claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plaintiff is proceeding *pro se*, and the Court holds her complaint to a less stringent standard than would be applied to a complaint prepared by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Even judged by this relaxed standard, plaintiff's complaint falls short.

In its entirety, the complaint states:

> I was wrongful [sic] Termination [sic] from my job[.] I had medical excuse I have my paper work from my doctor telling I needed breaks not to stand on my foot for 6 hr. a day the medical prombles [sic] to be set down in a chair in the stand but I told I had go down in the break room.

(Compl. (ECF No. 1-2) at 3 (page number designated by ECF)). The Court construes the complaint as one raising a claim under the Americans with Disabilities Act ("ADA"), which generally "prohibits discrimination against qualified individuals on the basis of disability." *U.S. Equal Employment Opportunity Comm'n v. Wal-Mart Stores, East, LP*, No. 18-cv-1314, 2018 WL 5297814, at *2 (D.D.C. Oct. 25, 2018) (citing 42 U.S.C. § 12112(a)).

An employer can discriminate by "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee [.]" 42 U.S.C. § 12112(b)(5)(A). A plaintiff adequately states a claim for failure to accommodate by "alleg[ing] facts sufficient to show that: (1) [she] had a disability within the

2

Case 1:18-cv-02742-ABJ   Document 10   Filed 01/18/19   Page 3 of 3

meaning of the ADA; (2) [her] employer had notice of [her] disability; (3) [she] could perform the essential functions of the position with or without reasonable accommodation; and (4) [her] employer refused to make such accommodation." *U.S. Equal Employment Opportunity Comm'n v. Wal-Mart Stores, East, LP*, 2018 WL 5297814, at *2 (citing *Gordon v. District of Columbia*, 480 F. Supp. 2d 112, 115 (D.D.C. 2007)); *see Perez v. District of Columbia Dep't of Employment Servs.*, 305 F. Supp. 3d 51, 57 (D.D.C. 2018).

The Court must construe the complaint in favor of the plaintiff and grant her the benefit of all inferences that can be derived from the facts. *See Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). But this complaint alleges so few facts, with such a lack of clarity, that the Court must conclude that it does not state an ADA claim. Plaintiff does not identify the nature of any alleged disability, and she fails to point to any accommodation that was sought or denied. Nor does she indicate what it was that made her termination "wrongful" or even, when it occurred. Therefore, the unopposed motion to dismiss will be granted.

An Order is issued separately.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: January 18, 2019

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Thomasine Washington
526 50th Pl. N.E. #31
Washington DC 20019

*Plaintiff*

**18-0007287**

*vs.*

CIVIL ACTION NO. _____

Levy Food Service
1500 South Capt. St. S.E.
Washington DC 20003

*Defendants*

FILED
CIVIL ACTIONS BRANCH

OCT 17 2018

Superior Court
of the District of Columbia
Washington, D.C.

**COMPLAINT**

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

I was wonrgful ~~diss~~ Termination from my job
I had ~~medeail~~ medical excuse I have my paper
work from my doctor telling I Needed breaks
not to stand on my foot for 6 hr. a day the medical
promblies to be set down in a chair in the stand but
I told I had go down in the break room.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 12,000 _____
with interest and costs.

_____

Phone: _____

**DISTRICT OF COLUMBIA, SS**

Thomasine Washington ____, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

Thomasine Washingt
(Plaintiff                                          Agent)

**Subscribed and sworn to before me this** 17th **day of** October **20** 18.

_____
(Notary Public/Deputy Clerk)

Herman Weaver
Deputy Clerk.

FORM CV-1013/ Nov. 00

2018 CA 007287 B
R218999
CABED

**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

_Thomasine Washington_
_____
Plaintiff

vs.

18 - 0007287

_Levy Food Service_
_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Thomasine Washington_
_____
Name of Plaintiff's Attorney

_526 50th Pl. N.E. #31_
_____
Address

_Wash DC 20019_
_____

_____
Telephone

如需翻译，请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.          ፩ኛ፯ረ፹ ፯ር፣ም ለ፱ፃፓፕ (202) 879-4828          ይ፭ኗኦ

_Clerk of the Court_

By _____
Deputy Clerk

Herman Weave
Deputy Clerk

Date _10 / 17 / 2018_

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante

contra

                                                     Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandado. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por: _____

_____
Dirección                                                    Subsecretario

                                        Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **570-2018-03240** |

| D.C. Office Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Thomasine M. Washington** | **(202) 396-0879** | **1960** |

| Street Address | City, State and ZIP Code |
|---|---|
| **526 50th Place, N.E., Apt 31, Washington, DC 20019** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **LEVY RESTUARANTS** | **500 or More** | **(202) 675-6287** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1500 South Capitol Street, S.E.,  Washington, DC 20003** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-01-2016**   Latest **08-22-2018**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am currently employed with the above-named Respondent and have been since 2008. My job classification is Line Prep.

I have been subjected to a hostile work environment by respondent since 2016. . They criticized my attire daily. I reported to Human Resources Department. They did not take any action.
I am an individual with a disability. Respondent is aware of my disability. On or about June 2018, I give the doctor notes to a Human Resources representative. She refused to look at my documents. I tried to explain to her that I needed reasonable accommodations.

I believe I have been denied an accommodation and discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

_____   _____
Date        Charging Party Signature

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
FAMILY COURT and CIVIL DIVISION

*Thomasine Washington*
Plaintiff/Petitioner

FILED
CIVIL ACTIONS BRANCH
OCT 17 2018
Superior Court
of the District of Columbia
Washington, D.C.

v.

Case No. _____

18 - 0 0 0 7 2 8 7

*Levy Food Service*
Defendant/Respondent

## ORDER

Having considered ☐ Plaintiff/Petitioner's   ☐ Defendant/Respondent's

Application to Proceed without Prepayment of Costs, Fees, or Security, it is

hereby ordered that the Application is:

☐      **GRANTED** in this Family Court case and, pursuant to Domestic

Relations Rule 54-II, witnesses will be subpoenaed without

prepayment of witness fees;

☒      **GRANTED** in this Civil Division case and, pursuant to Civil Rule 54-II,

the officers of the Court will issue and serve all process; witnesses will

be subpoenaed without prepayment of witness fees;

☐      **DENIED**

☐      For the following reasons: _____

_____

☐      For the reasons stated on the record in open court and in the

presence of the applicant or his or her counsel;

*October 17, 2018*
Date

*John Bayly*
Judge



6

Form 106A

## George Washington University Medical Faculty Associates

2150 Pennsylvania Ave NW
Washington,DC 20037
(202) 741-3000

Patient:  WASHINGTON, THOMASINE MARIE
526 50TH PL NE APT 31
WASHINGTON, DC 20019-5406

**Age/Sex/DOB:** 58 yrs  F  16-Oct-1960
**EMRN:** 3046056
**OMRN:** 3046056
**Home:** 0
**Work:** (999) 999-9999

---

## Results

Lab Accession #     28657389cr
Ordering Provider:    Rosner, Julie
Performing Location:

**Collected:** 10/14/2018  10:40:00AM
**Resulted:** 10/14/2018  10:40:00AM
**Verified By:** Rosner, Julie
**Auto Verify:** N

**MRI Foot w/o Contrast Right**

**Stage:**     Final

| Test | Result | Units | Flag | Reference Range |
|---|---|---|---|---|

MRI Foot w/o Contrast Right

PROCEDURE:  MRI FOOT W/O CONTRAST RIGHT

COMPARISON:  George Washington University Hospital, CR, XR FOOT COMPLETE RIGHT,
6/25/2018, 13:29.  George Washington University
Hospital, CR, XR FOOT COMPLETE LEFT, 10/14/2018, 9:39.

INDICATIONS: Rule out fifth MTP joint capsular tear, neuroma, possible stress
fracture, plantar fasciitis, pes planus,

TECHNIQUE:  Multiplanar multisequence MRI of the right forefoot was performed without
contrast.

FINDINGS:
There is a transversely oriented fracture of the distal fifth metatarsal head at the
metaphysis with mild intramedullary T2 signal.
There is mild associated juxtacortical and subcutaneous edema.

The remaining osseous structures are intact. Mild joint space narrowing and
subchondral degenerative change at the first MTP joint.
There is normal hallux-sesamoid alignment. The sesamoids are normal in signal.

There is no muscle strain. The flexor and extensor digitorum tendons are intact.

There is no joint effusion. There are small effusions in the first through third
intermetatarsal bursae.


IMPRESSION:
1. Nondisplaced fracture of the distal fifth metatarsal head with mild associated
edema, suggesting subacute chronicity.
2. Mild osteoarthritis at the first MTP joint.
3. Trace first through third interspace intermetatarsal bursitis.

Patient:  WASHINGTON, THOMASINE MARIE                    EMRN:  3046056

| Test | Result | Units | Flag Reference Range |
|------|--------|-------|----------------------|

Findings were communicated to Dr. Rosner via TigerText on 10/15/18 at 4 PM with receipt.


I, Dr. Haji-Momenian, am the attending radiologist, and my electronic signature below attest to the fact I have personally reviewed
the images, agree with or have edited the findings described above by the resident or fellow, and have personally inserted this
statement.



Dictated by: Manek S. Aulakh, M.D. on 10/15/2018 at 11:19
Final report has been approved and electronically signed by: Shawn Haji-Momenian on 10/16/2018 at 13:21

# George Washington University Medical Faculty Associates

**2150 Pennsylvania Ave NW**
**Washington,DC 20037**
**(202) 741-3000**

Patient:   WASHINGTON, THOMASINE MARIE
526 50TH PL NE APT 31
WASHINGTON, DC 20019-5406

Age/Sex/DOB:  58 yrs  F  16-Oct-1960
EMRN:  3046056
OMRN:  3046056
Home:  0
Work:  (999) 999-9999

---

## Results

Lab Accession #     28657389cr
Ordering Provider:   Rosner, Julie
Performing Location:

Collected:   10/14/2018   9:40:00AM
Resulted:    10/14/2018   9:40:00AM
Verified By:  Rosner, Julie
Auto Verify:  N

**MRI Ankle w/o Contrast Right**

Stage:       Final

| Test | Result | Units | Flag | Reference Range |
|------|--------|-------|------|-----------------|

MRI Ankle w/o Contrast Right
    PROCEDURE:  MRI ANKLE W/O CONTRAST RIGHT

    COMPARISON:  None.

    HISTORY:  Plantar heel pain, rule out stress fracture, plantar fasciitis or tear of
plantar fascia

    TECHNIQUE: Multiplanar multisequence MR of the right ankle was performed without
contrast.

    FINDINGS:

    There is no tibiotalar or subtalar joint effusion.

    The syndesmotic and deltoid ligaments are intact. The anterior and posterior
talofibular, and calcaneofibular ligaments are intact.

    The Achilles tendon is intact. The flexor tendons are intact. The extensor tendons are
intact. The peroneal tendons are intact.
There is no tendinosis. There is no muscle edema.

    The osseous structures, including the talar dome, are intact. The joint spaces are
maintained.

    There is low T1/T2 signal scarring in the sinus tarsi. The tarsal tunnel is within
normal limits. There is minimal T2 signal in
origin of the plantar fascia, without tear.

    IMPRESSION:
    1. Low signal scarring in sinus tarsi, can be seen with sinus tarsi syndrome.
    2. Minimal plantar fasciitis. No evidence of tear.
    3. No stress fracture.

Patient: WASHINGTON, THOMASINE MARIE          EMRN: 3046056

| Test | Result | Units | Flag | Reference Range |
|------|--------|-------|------|-----------------|

I, Dr. Haji-Momenian, am the attending radiologist, and my electronic signature below
attest to the fact I have personally reviewed
the images, agree with or have edited the findings described above by the resident or
fellow, and have personally inserted this
statement.

Dictated by: Manek S. Aulakh, M.D. on 10/15/2018 at 11:14
Final report has been approved and electronically signed by: Shawn Haji-Momenian on
10/16/2018 at 13:15

## George Washington University Medical Faculty Associates

2150 Pennsylvania Ave NW
Washington,DC 20037
(202) 741-3000

Patient:  WASHINGTON, THOMASINE MARIE
526 50TH PL NE APT 31
WASHINGTON, DC 20019-5406

Age/Sex/DOB:  58 yrs  F  16-Oct-1960
EMRN: 3046056
OMRN: 3046056
Home: 0
Work: (999) 999-9999

## Results

Lab Accession #      3521937175cr
Ordering Provider:   Rosner, Julie
Performing Location:

Collected:   10/14/2018  9:30:00AM
Resulted:    10/14/2018  9:30:00AM
Verified By:  Rosner, Julie
Auto Verify:  N

**XR Foot Complete Left**

Stage:      Final

| Test | Result | Units | Flag | Reference Range |
|------|--------|-------|------|-----------------|

XR Foot Complete Left
    PROCEDURE:  XR FOOT COMPLETE LEFT

    COMPARISON:  None.

    INDICATIONS:  PAIN IN LT FOOT

    FINDINGS/IMPRESSION:

    Three views of the left foot were performed.

    The osseous structures are intact. There is plantar calcaneal spurring. Joint spaces
    are maintained. Soft tissues are unremarkable.



    I, Dr. Haji-Momenian, am the attending radiologist, and my electronic signature below
    attest to the fact that I have personally
    reviewed the images, and agree with or have edited the findings described by the
    resident or fellow, and have personally inserted
    this statement.


    Dictated by: Anam Salman on 10/15/2018 at 16:17
    Final report has been approved and electronically signed by: Shawn Haji-Momenian on
    10/15/2018 at 17:05

# George Washington University Medical Faculty Associates

2150 Pennsylvania Ave NW
Washington,DC 20037
(202) 741-3000

Patient: WASHINGTON, THOMASINE MARIE
526 50TH PL NE APT 31
WASHINGTON, DC 20019-5406

Age/Sex/DOB: 58 yrs  F  16-Oct-1960
EMRN: 3046056
OMRN: 3046056
Home: 0
Work: (999) 999-9999

## Results

Lab Accession #      3286490853cr
Ordering Provider:   SCOTT, JAMES L
Performing Location:

Collected:   06/25/2018  1:29:00PM
Resulted:    06/25/2018  1:29:00PM
Verified By:  <Verification Not Required>
Auto Verify: Y

**XR Foot Complete Right**

Stage:      Final

| Test | Result | Units | Flag Reference Range |
|------|--------|-------|----------------------|
| XR Foot Complete Right | | | |

```
    ***** AUTOVERIFIED *****
    PROCEDURE:  XR FOOT COMPLETE RIGHT

    DATE OF SERVICE:                    6/25/2018 at 13:29
    COMPARISON:  None.

    INDICATIONS:  Trauma


    FINDINGS:  There is no acute fracture.  There is no bony lesion.  The bone
    mineralization is normal.  The joint spaces are normal.
    There is an anterior calcaneal spur.

    IMPRESSION: No acute pathology, right foot. Anterior hypertrophic calcaneal spur.




    Dictated by: Martin S. Kneller, M.D. on 6/25/2018 at 13:44
    Final report has been approved and electronically signed by: Martin S. Kneller, M.D.
    on 6/25/2018 at 13:44
```

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 570-2018-03240 |

| D.C. Office Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Thomasine M. Washington** | **(202) 396-0879** | **1960** |

| Street Address | City, State and ZIP Code |
|---|---|
| **526 50th Place, N.E., Apt 31, Washington, DC 20019** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **LEVY RESTUARANTS** | **500 or More** | **(202) 675-6287** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1500 South Capitol Street, S.E.,  Washington, DC 20003** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | **01-01-2016** — **08-22-2018** |
| ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am currently employed with the above-named Respondent and have been since 2008. My job classification is Line Prep.

I have been subjected to a hostile work environment by respondent since 2016. . They criticized my attire daily. I reported to Human Resources Department. They did not take any action.
I am an individual with a disability.  Respondent is aware of my disability. On or about June 2016, I give the doctor notes to a Human Resources representative.  She refused to look at my documents. I tried to explain to her that I needed reasonable accommodations.

I believe I have been denied an accommodation and discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Aug 30, 2018            *Thomasine Washington* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date            Charging Party Signature | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Thomasine M. Washington<br>526 50th Place, N.E., Apt 31<br>Washington, DC 20019 | From: | Washington Field Office<br>131 M Street, N.E.<br>Suite 4NW02F<br>Washington, DC 20507 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| ~~5·····-····-······~~ | **Alan W. Anderson,**<br>**Deputy Director** | ~~(····) ···-····~~ |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

SEP 0 5 2018

**Mindy E. Weinstein,**
**Acting Director**

Enclosures(s)

(Date Mailed)

cc:
Sara Jade-Pragasam
Counsel
**LEVY RESTAURANTS**
2400 Yorkmont Road
Charlotte, NC 28217

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.   *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"**  now include the **operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 570-2018-03210 |

**D.C. Office Of Human Rights** and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Thomasine M. Washington** | (202) 396-0870 | 1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| **526 50th Place, N.E., Apt 31, Washington, DC 20019** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **LEVY RESTUARANTS** | **500 or More** | **(202) 675-6287** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1500 South Capitol Street, S.E.,  Washington, DC 20003** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-01-2016**  Latest **08-22-2018**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am currently employed with the above-named Respondent and have been since 2008. My job classification is Line Prep.

I have been subjected to a hostile work environment by respondent since 2016. . They criticized my attire daily. I reported to Human Resources Department. They did not take any action.
I am an individual with a disability.  Respondent is aware of my disability. On or about June 2016, I give the doctor notes to a Human Resources representative.  She refused to look at my documents. I tried to explain to her that I needed reasonable accommodations.

I believe I have been denied an accommodation and discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Aug 30, 2018    _Thomasine Washington_ <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.